[Cite as *Specialized Loan Servicing, L.L.C. v. Kovach*, 2022-Ohio-1014.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| SPECIALIZED LOAN SERVICING, LLC, | CASE NO. 2022-G-0002 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| RALPH J. KOVACH, et al., | Trial Court No. 2015 F 000088 |
| Defendants, | |
| STACEY M. KOVACH, et al., | |
| Defendant-Appellant. | |

# M E M O R A N D U M
# O P I N I O N

Decided: March 28, 2022
Judgment: Appeal dismissed

*Phillip Barragate*, Shapiro, Van Ess, Phillips & Barragate, LLP, 4805 Montgomery Road, Suite 320, Norwood, OH 45212 (For Plaintiff-Appellee).

*Stacey M. Kovach*, pro se, Geauga County Jail, 12450 Merritt Road, Chardon, OH 44024 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} On February 7, 2022, appellant, Stacey M. Kovach, filed a pro se appeal, but no entry was attached. The notice of appeal is also difficult to decipher.

{¶2} The trial court docket reveals that Nationstar Mortgage LLC filed a foreclosure complaint against appellant, Ralph Kovach and others. The trial court entered a final judgment entry for foreclosure, and the property was sold to appellant as trustee for $253,000. Appellant paid a $10,000 deposit. The trial court confirmed the sale and

ordered appellant to pay the remainder of the selling price. Because appellant failed to pay, the trial court vacated the sale, ordered a new sale and ordered the $10,000 deposit to be held pending further order of the court. Appellee, Specialized Loan servicing, LLC, filed a motion to substitute itself as party plaintiff, which was granted. The securing property was sold, and in an entry dated November 14, 2019, the trial court ordered the release of the $10,000 deposit to appellee. Thereafter, in a December 6, 2019 entry, the trial court denied as moot appellant's request that the magistrate's decision include findings of fact and conclusions of law since those findings were filed on November 13, 2019.

{¶3} The trial court docket confirms that since the December 6, 2019 entry, there has been no other entry issued by the trial court. The instant appeal was filed on February 7, 2022. Pursuant to App.R. 3(D) and Loc.R. 3(C)(2), appellant is required to attach a copy of the judgment entry being appealed to the notice of appeal, or the appeal may be dismissed. Here, appellant did not attach the entry being appealed to her notice of appeal, and the last judgment entry issued by the trial court was on December 6, 2019. An appeal from that entry or any other former entry would be untimely pursuant to App.R. 4(A).

{¶4} Based on the foregoing, appellant's appeal is dismissed, sua sponte.

{¶5} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

2

Case No. 2022-G-0002